UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:18-CR-00054-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH BRYAN ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 and based on what he alleges to be extraordinary and compelling reasons [Doc. 801]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 804].

**I.   BACKGROUND**

On August 5, 2019, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) [*See* Docs. 248, 287]. Based on a total offense level of 41 and a criminal history category of III, with 4 criminal history points, Defendant's guideline range was 360 months to life incarceration [Doc. 457, ¶ 84]. The Court varied below the guideline range and sentenced Defendant to 324 months [Doc. 698, pg. 2]. Defendant is currently housed at FCI Oakdale, with a projected release date of April 8, 2040. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited March 14, 2025). He now moves for a sentence

1

reduction pursuant to Guideline Amendment 821 and for reasons that he alleges to be extraordinary and compelling. He argues that the different treatment between actual methamphetamine and methamphetamine mixture under the Sentencing Guidelines, his medical conditions, his efforts at rehabilitation, and his claim that the 2023 amendment to the Sentencing Guidelines reduces his guideline range all justify a sentence reduction [Doc. 801].

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Here, Defendant did not receive any status points in his criminal history. He received three points based on his prior federal conviction for possession with the intent to distribute 50 grams

2

or more methamphetamine in 2006 [Doc. 457, ¶ 57], and he received one point for a domestic violence conviction he received in 2014 [Doc. 457, ¶ 58]. Because he did not receive any status points, he is not eligible for a sentencing modification based on Part A of Amendment 821. Second, he is not a zero-point offender. At the time of sentencing, he received four criminal history points. So Part B of Amendment 821 also does not serve as a basis to modify his sentence. Accordingly, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

He also argues a departure is warranted for his prior marijuana conviction. The Sentencing Commission amended the commentary that a departure could be "warranted" where a defendant "received criminal points from a sentence for possession of marijuana for personal use, without an intent to sell or distribute it to another person." U.S.S.G. § 4A1.3, *comment* (n.3)(A)(ii). But Defendant did not receive any points for that conviction so that amendment is similarly unhelpful for a sentencing modification [Doc. 457, ¶ 56]. In any event, as the Government notes in their brief in opposition, that amendment was not retroactively applicable. [Doc 813, pg. 5].

Defendant next argues that he should receive a lesser sentence under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 because of the differences in guideline treatment between actual methamphetamine and methamphetamine mixture [Doc. 801, pg. 3]. He argues that some district courts have varied based on a policy disagreement with the guidelines based on the different treatment between actual methamphetamine and methamphetamine mixture. Defendant does not identify any basis on which this Court could resentence him for that reason. A compassionate-release motion is not the proper vehicle to do that. *United States v. Mattice*, No. 20-3668, 2020 WL 7587115, at *2 (6th Cir. 2021). In any event, that basis does not constitute an extraordinary or compelling reason for granting his motion. In fact, that argument is often raised at sentencing hearings and the undersigned has consistently not varied because of a disagreement

3

with the guidelines on that basis. The fact that the Court could vary below the guidelines based on a policy disagreement does not mean that the Court would vary.  Accordingly, the Court does not find this to present an extraordinary or compelling ground for relief.  Because Defendant's arguments regarding the Sentencing Guidelines could have been raised on appeal, or in a § 2255 motion, they are not properly raised in his compassionate release motion or motion for a reduction under the 821 Amendment.

Defendant next argues that the Court should resentence him based on his efforts at rehabilitation.  Rehabilitation is not, by itself, an extraordinary and compelling reason for compassionate release.  *See* 28 U.S.C. § 944(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").  While the Court recognizes Defendant continues to work hard to rehabilitate himself, such efforts alone cannot constitute extraordinary and compelling grounds for release. Neither does the Court find that the combination of Defendant's methamphetamine disparity argument and his efforts at rehabilitation constitute extraordinary and compelling grounds for relief.

Finally, Defendant raises his medical condition as an extraordinary and compelling reason for his release.  U.S.S.G. § 1B1.13(b)(1) provides that a medical condition may qualify as an extraordinary and compelling reason if the Defendant is suffering from (A) a terminal illness, (B) a serious physical or medical condition … that substantially diminishes [his] ability … to provide self-care within … a correctional facility and from which he … is not expected to recover," or (C) "a medical condition that requires long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1).

The Court has reviewed the medical records and does not find any support for Defendant's

4

arguments that he suffers from a medical condition that would satisfy those criteria. Defendant claims he has developed new health conditions that require additional diagnostic tests and that he had to use, at one point, a wheelchair. But the use of the wheelchair was temporary, and the medical records show that his condition does not prevent him from performing activities of daily living without assistance. [Doc. 801-1, Exhibit A at 3, Doc. 814, *Medical Records*¸ at 2, 10, 50, 122, 140].

Because Defendant has not presented extraordinary and compelling reasons for compassionate release, singularly or in combination, his motion is **DENIED**. Further, he has not presented any basis to receive a lesser sentence based on Amendment 821. Accordingly, his motion for such relief pursuant to that Amendment is also **DENIED**.

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 801] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge